JUDGE SULLIVAN

JACOB SHISHA
TABAK, MELLUSI & SHISHA LLP
29 Broadway
New York, NY 10006
(212) 962-1590
Attorneys for Plaintiff

**14 CV    6635**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Benjamin Stanley

        Plaintiff,

     vs.

OSG Ship Management, Inc.,
and Overseas Martinez, LLC

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

## ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES

Plaintiff, Stanley Benjamin, by his attorneys, complaining of the defendants OSG Ship Management Inc. ("OSG") and Overseas Martinez, LLC ("Martinez") respectfully states and alleges upon information and belief:

### JURISDICTION AND VENUE

1.    Jurisdiction is predicated on 28 U.S.C.§ 1331 Federal Question pursuant to the Jones Act 46 U.S.C. § 30104, and under 28 U.S.C. § 1333 Admiralty and General Maritime Law of the United States pursuant to the doctrines of unseaworthiness, and maintenance and cure.

2.    At all times relevant hereto plaintiff, Benjamin Stanley, was a residence and citizen of Pennsylvania and was employed as an American Merchant seaman.

3.    At all times relevant hereto OSG was and is a Delaware Corporation, licensed to and doing business in New York, with offices registered with the New York Secretary of as being located in Manhattan.

4.    At all times relevant hereto Martinez, was and is foreign limited liability corporation, with members having citizenship in New York, who is doing business within the State of New York and this District.

**FIRST CAUSE OF ACTION JONES ACT AND UNSEAWORTHINESS**

5.    At all times relevant hereto OSG, was the owner *pro hac vice* of the MV OVERSEAS MARTINEZ.

6.    At all times relevant hereto, OSG operated the MV OVERSEAS MARTINEZ.

7.    At all times relevant hereto, OSG managed the MV OVERSEAS MARTINEZ.

8.    At all times relevant hereto, OSG controlled the MV OVERSEAS MARTINEZ.

9.    At all times relevant hereto, OSG hired plaintiff as a seaman and member of the crew of the MV OVERSEAS MARTINEZ.

10.   At all times relevant hereto MARTINEZ, was the owner of the MV OVERSEAS MARTINEZ.

11.   At all times relevant hereto, MARTINEZ operated the MV OVERSEAS MARTINEZ.

12.   At all times relevant hereto, MARTINEZ managed the MV OVERSEAS MARTINEZ.

13.   At all times relevant hereto, MARTINEZ controlled the MV OVERSEAS MARTINEZ.

14.    At all times relevant hereto, MARTINEZ hired plaintiff as a seaman and member of the crew of the MV OVERSEAS MARTINEZ.

15.    On or about July 24, 2010, while in performance of his duties, plaintiff was caused to fall and sustain injuries while moving heavy barrels.

16.    The accident was caused by the carelessness, and negligence of the defendants, their officers, agents, servants, employees, and supervising personnel aboard the vessel, in that they failed to provide plaintiff with a safe place to work, failing to take proper and reasonable precaution for plaintiff to perform his duties, failing to insure proper and sufficient personnel for the job, failure to use mechanical means, requiring plaintiff to lift and use heavy barrel using a cargo net, where they were not level allowing the barrel to start tipping causing plaintiff to fall over, failure to have non skid paint, failure to clean the area from all oil and water, failure to conduct a job risk analysis, as required by law and the defendant's own Safety Management System, failure to have proper training.

17.    The acts and omissions stated in paragraph 16 above rendered the Overseas MARTINEZ unseaworthy.

18.    As a result of the defendant's negligence and the unseaworthiness of the OVERSEAS MARTINEZ plaintiff sustained injuries to his left knee including a left quadriceps tear which required surgical repair.

19.    As a result of the forgoing, plaintiff has incurred medical expenses, loss of earnings, pain and suffering, and will incur future medical expenses, loss of earnings, pain and suffering in an amount to be proven at his trial.

## Second Cause of Action

20.   Plaintiff repeats and re-alleges each and every allegation in paragraph # 1 through #19 of the Complaint.

21.   Defendants have an obligation to pay plaintiff maintenance, cure, and unearned wages.

22.   The defendants failed to discharge this obligation, in that they failed to pay all of plaintiff's medical bills, causing him to sustain damage to his credit and reputation.

23.   As part of unearned wages plaintiff was entitled to overtime, which was not paid.


**Wherefore**, Plaintiff Benjamin Stanley, demands judgment against defendants OSG Ship Management, Inc., and Overseas Martinez, LLC on the first and second count, jointly and severally, in an amount to be proven at trial, as well as attorney's fees for failing to fully pay maintenance and cure, together with prejudgment and post judgment interest, costs, and such other further relief the Court may deem just and proper under the circumstances.

Dated: New York, New York
August 14, 2014

TABAK, MELLUSI & SHISHA

_____

JACOB SHISHA (JS 5452)
29 Broadway
New York, NY 10006
(212) 962-1590